IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION | MDL No. 2437<br>13-MD-2437 |
| THIS DOCUMENT RELATES TO:<br><br>Ashton Woods Holdings, L.L.C., et al.,<br>        v.<br>USG Corp., et al. | CIVIL ACTION 15-1712 |

### MEMORANDUM RE: PLAINTIFFS' MOTION
### TO FILE AMENDED COMPLAINT UNDER SEAL

Baylson, J.                                                                                         December 1, 2015

### I.      Introduction

Plaintiffs have filed an unopposed Motion to File the First Amended Complaint Under Seal.  (15-1712, ECF 32). The Court will deny this Motion for the reasons set forth below.

### II.     Relevant Background

This case was originally filed in the Northern District of California on March 17, 2015, and was transferred by the Judicial Panel on Multidistrict Litigation to the undersigned as a "tag-along" case, following which Defendants filed Motions to Dismiss the Complaint under Rule 12.

A quick review of the memorandum in support of the Motion to Dismiss shows that it is based on numerous grounds, including failure to state a plausible claim for relief (referring to Defendants summary judgment motions), that Plaintiffs are indirect purchasers barred by Supreme Court doctrine, that Plaintiffs' state law claims do not meet constitutional standing and due process requirements, or state law requirements, and that the allegations under state laws are inadequately pled.

Pursuant to Rule 15, Plaintiffs were entitled to file their First Amended Complaint (15-1712, ECF 30), as a matter of right which requires the Court to deny Defendants' Motions to Dismiss as moot.

The First Amended Complaint (15-1712, ECF 30, 166 pages) is substantially more detailed than the original Complaint (15-1247, N.D. Ca., ECF 1, 84 pages).

On August 5, 2013, this Court approved a Protective Order in this Multi-District Litigation ("MDL") (ECF 56).  The scope of the Protective Order is revealed by the wording of the first three paragraphs of the Order, which repeatedly reference the purpose of the Order as facilitating discovery and maintaining confidentiality for documents uncovered during discovery. At the conclusion of these three paragraphs, the Order explicitly states that it governs "the pretrial disclosure and use by the Parties of all documents, electronically stored information ('ESI'), testimony, and other information *produced during the course of discovery*."  (13-MD-2437, ECF 56, at 2 (emphasis added)).

After this case was transferred to the undersigned, counsel for Plaintiffs and liaison counsel for all Defendants entered a stipulation in this Court (15-1712, ECF 15), dated June 8, 2015, which the Court approved, that Plaintiffs in this case would agree to the Protective Order that had previously been entered in this Court (ECF 56), as noted above.

The Court infers that Plaintiffs' counsel have had access to the discovery which had taken place in this District as part of the pretrial consolidated proceedings, and used some of that discovery in preparing the First Amended Complaint for filing.

The Court notes in passing that the non-settling defendants in the original cases consolidated before the undersigned have filed extensive motions for summary judgment, the attachments to which were all filed under seal pursuant to the Protective Order.  These

defendants did not move to dismiss the original complaint filed in this Court, but filed an answer. The Court also notes that on November 23, 2015, this Court held an extensive oral argument in Courtroom 3A, at which time many counsel and the Court quoted liberally from various facts revealed during discovery produced by the parties. A transcript of that argument is being prepared and presumably will be filed of record which will be public.

Further, the Court notes that Defendants' Motion to Dismiss the original Complaint in this case made reference to the discovery which had already taken place in the MDL. If Defendants repeat that argument in their response to the First Amended Complaint, then the Court may have to, under Rule 12(d), convert any motion to dismiss to a motion for summary judgment and allow discovery to proceed before making any ruling.

### III. Discussion

Plaintiffs contend that the Protective Order requires their First Amended Complaint to be filed under seal because it is a document that reflects information that Defendants have deemed confidential. Although the Court appreciates Plaintiffs' attempt to comply with the outstanding Protective Order, the Court rejects the argument that Plaintiffs must, or are entitled to, file a complaint under seal when they seek to rely on facts secured during discovery subject to a Protective Order as in this case. Plaintiffs may assert that they are between the proverbial "rock and a hard place," but the Court believes that the importance of pleadings being public takes precedence.

The Court intended the Protective Order to relate only to discovery and did not intend for the Order to reach any pleadings filed in this MDL. Plaintiffs' First Amended Complaint is a pleading, not a discovery document, and pleadings are public documents. Thus, although § 4.4 of the Protective Order requires "[a]ny document . . . filed with the Court that reveals or

discloses any Protected Material" to be submitted under seal, the term "document" in this context does not include a pleading such as the First Amended Complaint.

Although this Court had good reason to approve a Protective Order which provided that confidential information exchanged during discovery would remain confidential, that should be the beginning and the end of a protection for confidential information, barring interests of national security. Allowing complaints to be sealed because they contain information which the parties have agreed is confidential threatens the principle that our courts are open to the public. The next step may be to close courtrooms when confidential information is introduced into evidence ending up with an ordeal similar to Kafka's Josef K.

This conclusion is buttressed by the inherent distinction between discovery documents and pleadings. The point of discovery is to allow counsel to gather evidence, including confidential information, for possible use during trial without the confidential information being public. A complaint, however, is for making allegations. Indeed pleadings, the means by which parties invoke the authority of the court, are especially deserving of the right to access.[1] The important policy reasons requiring that pleadings be public in nature are well-documented, see: Pansy v. Borough of Stroudsburg, 23 F.3d 772, (3d Cir. 1994) (recognizing the strong presumption of access to judicial proceedings and records); Manley v. Premium Spray Prods., Inc., No. 14-3379, 2015 WL 1475310 (E.D. Pa. Mar. 31, 2015) (denying defendant's motion to seal complaint and strike certain paragraphs, finding that defendant's allegations calling the material scandalous and disparaging "do not outweigh the strong presumption in favor of openness"); Dombrowski v. Bell Atl. Corp., 128 F. Supp. 2d 216 (E.D. Pa. 2000) (unsealing non-

---

[1] The only instance in which Congress has specified that a complaint be filed under seal is for *qui tam* cases pursuant to the False Claims Act, 31 U.S.C. § 3730(a)(2). Although Rule 5.2 F.R.Civ.P. allows for redacted filings and filings under seal, the intent is, as the title makes clear, "Privacy Protection for Filings Made with the Court" to protect personal identifiers and other confidential personal information, not to allow wholesale sealing of an entire complaint in any type of civil case.

4

privileged paragraphs of a complaint amid claims of embarrassment, stating "[a]s a general rule judicial records such as pleadings and other papers filed with the court in civil actions are public documents available for inspection and review by any interested person." The "Third Circuit clearly favors openness absent good cause to the contrary," (citing Glenmede Trust Co. v. Thompson, 56 F.3d 476, 484-85 (3d Cir. 1995); Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994))).

If Defendants move under Rule 12(b)(6) to dismiss a new unsealed First Amended Complaint for failure to state a claim, Plaintiffs may at that time seek leave to submit additional factual allegations, under seal, with service on defense counsel, for the Court to consider in conjunction with Defendants' motion to dismiss. The Court will then assess the sufficiency of Plaintiffs' allegations without the additional sealed material. The Court may, in its discretion, if it deems necessary, consult the additional factual allegations submitted under seal, presumably from the discovery which has taken place in the case, in considering whether Plaintiffs have stated a claim upon which relief can be granted. By this sequencing, the importance of pleadings being public, but Plaintiffs not being disadvantaged by not alleging facts they secured from protected confidential material in their amended complaint, will be respected.

Because the Protective Order does not capture pleadings and the Court finds no other facts justifying sealing the First Amended Complaint, Plaintiffs' Motion is **DENIED**. (15-1712, ECF 32). Plaintiffs must file a new amended complaint that does not disclose facts protected by the Protective Order within Fourteen (14) days. Defendants shall respond within thirty (30) days.

## IV.     Conclusion

Our justice system, which has from time immemorial prized the transparency afforded by public courts, requires that pleadings likewise be public.

An appropriate order follows.

O:\13-MD-2437 - drywall\15cv1712memo.12.1.15.docx