**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE: DOMESTIC DRYWALL ANTITRUST LITIGATION** <br><br> **THIS DOCUMENT RELATES TO:** <br><br> **Ashton Woods Holdings LLC, et al.,** <br>        Plaintiffs, <br><br>        v. <br><br> **USG Corp., et al.,** <br>        Defendants. | **CIVIL ACTION** <br><br> **MDL No. 13-2437** <br><br> **15-cv-1712** |

## ORDER RE: PENDING MOTIONS FOR SUMMARY JUDGMENT AND SCHEDULING

In this last remaining case in this multi-district litigation, twelve large homebuilder plaintiffs (hereinafter "Homebuilder Plaintiffs") have claimed damages for antitrust violations. Only three defendants remain in this case, PABCO, and United States Gypsum Company ("USG") and its wholly-owned subsidiary, L&W Supply Corporation. ("L&W").

PABCO, whose prior motion for summary judgment (MDL Dkt., ECF 205) was denied, asserts that a recent Third Circuit case Valspar Corporation v. DuPont, 873 F.3d 185 (Sept. 14, 2017) requires reconsideration and granting summary judgment in its favor against the Homebuilder Plaintiffs. (ECF 745.)

As discussed in the foregoing memorandum, the Court has concluded that the Third Circuit's decision in Valspar does not change Third Circuit law and does not require this Court to reexamine its prior holding denying summary judgment as to PABCO and the other defendants who had moved for summary judgment.

Defendants USG/L&W are in a different situation than PABCO. USG/L&W settled the claims of the Direct and Indirect Purchaser classes as of February 12 and 13, 2015 (ECF 180 & 181), when the class Plaintiffs filed Motions for Preliminary Approval. This was prior to the transfer of the Homebuilders' Complaint, which had been filed in the United States District Court for the Northern District of California as of March 17, 2015, and was transferred to this Court by the Judicial Panel on Multidistrict Litigation, as a "tag along" case. The first docket entry of the Homebuilder Plaintiffs in this Court is April 2, 2015, which is after the USG/L&W settlement became public knowledge by the filing of the motion for preliminary approval.

On May 31, 2018, in this case, USG/L&W filed a motion for summary judgment (ECF 740) asserting that Homebuilder Plaintiffs do not have sufficient evidence to allow a jury to find that USG/L&W had entered into any agreement with a competitor to fix the price of the drywall. Thus, USG/L&W now moves for summary judgment against the Homebuilder Plaintiffs, as the other Defendants had moved for summary judgment against the class Plaintiffs.[1]

USG/L&W assert that their motion for summary judgment is timely because they had settled the class claims (Direct Purchasers and Indirect Purchasers) against them, prior to the close of discovery and prior to all other non-settling defendants having filed motions for summary judgment on May 12, 2015 (ECF 204-208). USG/L&W have not previously presented to this Court their independent grounds for summary judgment.

The Homebuilder Plaintiffs have moved to strike the USG/L&W Motion and assert that USG/L&W's motion comes much too late and cannot succeed since the evidence introduced by

---

[1] Other motions for summary judgment are also pending and fully briefed, but are not affected by this Order. See Defendants' Motion for Partial Summary Judgment on Umbrella Damages (ECF 724), Defendants' Motion for Summary Judgment on Choice of Law (ECF 754), Defendants' Motion for Partial Summary Judgment concerning Certainteed, Continental, Georgia-Pacific, Lafarge, Panel Rey, and Tin (ECF 756), and Defendants' Motion for Partial Summary Judgment on Unassigned Claims (ECF 755).

Plaintiffs in opposing the prior motions for summary judgment clearly applies to USG and L&W.

In their Motion to Strike, the USG/L&W Motion for Summary Judgment, Homebuilder Plaintiffs accurately point out that in prior memoranda and orders, after the Homebuilder Plaintiffs case became part of this multidistrict litigation, this Court often referred to "defendants," including by definition USG/L&W, when, in fact, USG/L&W were no longer part of the continuing litigation of the class actions because they had settled those actions only, but not this case.

Notwithstanding this arguably overly broad use of the term "defendants," Homebuilder Plaintiffs surely knew USG/L&W were not included in the Court's broad references to Defendants merely because they had already settled with both proposed classes, but had not settled with the Homebuilder Plaintiffs.

When Homebuilder Plaintiffs entered this MDL after USG/L&W reached a settlement with the class Plaintiffs, Homebuilder Plaintiffs were fully involved in the MDL. The USG/L&W settlements were finally approved on August 20, 2015 (ECF 276 & 278). Homebuilder Plaintiffs thus knew that USG/L&W were no longer in the class action, and also, had not yet filed a motion for summary judgment in this case. In addition, this Court's lengthy opinion dated February 18, 2016, granting summary judgment to Certainteed, but denying it to all other moving defendants (not including USG/L&W)[2] quite obviously put Homebuilder Plaintiffs on notice that USG/L&W had not moved for summary judgment because of the prior settlement with both classes.

---

[2] Homebuilder Plaintiffs' brief, pp. 9-12, details numerous facts, cited in this Court's opinion, concerning USG/L&W communications with other defendants. USG/L&W's reply brief shall respond as to these facts of record.

The Court notes the joint stipulation setting a schedule for dispositive motions in this case (ECF 735), filed May 21, 2018, set a deadline for any dispositive motions for July 2, 2018. Thus, the USG/L&W motion for summary judgment is timely.

Therefore, the Court finds, without deciding the merits of the USG/L&W motion for summary judgment at this time, that the Homebuilder Plaintiffs, whose counsel have consistently had impressive mastery of the underlying facts in this case, and the procedural history, are not prejudiced by being required to respond to the USG/L&W motion for summary judgment at this time. Denying USG/L&W's right to file such a motion, as Rule 56 allows in every case, would be unfair.

For the reasons stated above and in the foregoing Memorandum, this Court concludes and ORDERS:

1. Homebuilder Plaintiffs' Motion to Strike (15-cv-1712, ECF 310) will be GRANTED as to PABCO but will be DENIED as to USG and L&W.

2. Although the Court does not see any need for any further discovery, if Homebuilder Plaintiffs and/or USG/L&W assert discovery is necessary, they should promptly confer with each other, and may conduct agreed upon discovery. In the absence of agreement, either party should file a motion to compel, within 21 days, without legal memorandum, following which the Court will have a recorded telephone conference. If discovery is to take place, the following schedule will be changed.

3. Homebuilder Plaintiffs shall respond to the USG/L&W Motion for Summary Judgment within thirty (30) days, and shall incorporate by reference, without repetition or new submission of previously submitted exhibits, the arguments and evidence presented by the class plaintiffs in opposing the prior motions for summary judgment.

4. Moving defendants, USG/L&W, shall file a reply brief within 21 days.

5. The Court will have oral argument on the USG/L&W Motion at a date to be set after briefs have been filed. Because counsel for these clients are out of town, the Court will approve, if mutually agreed, "live streaming" of the argument rather than requiring counsel to appear in Philadelphia.

**BY THE COURT:**

**Dated: 10/11/18**       /s/ Michael M. Baylson
                                       **MICHAEL M. BAYLSON**
                                       **United States District Court Judge**

O:\13-MD-2437 - drywall\15cv1712 order re pending motions and scheduling.docx